## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.: __8:22-cv-346__

AUDRA LAWSON,

      Plaintiff,

v.

SMILE DESIGN DENTISTRY ST. PETE LLC,
CHRISTINA OLIVEROS, ALLISON TAYLOR and
ANGEL BLACKMAN,

      Defendants,

_____/

## DEFENDANT, SMILE DESIGN DENTISTRY ST. PETE LLC'S NOTICE OF REMOVAL

Defendant, Smile Design Dentistry St. Pete LLC ("Smile Design Dentistry"),

pursuant to 28 U.S.C. §§ 1331, 1441(a), 1367, and 1446, hereby removes Case No.:

2021-005978-CI from the Circuit Court of the Sixth Judicial Circuit in and for

Pinellas County, Florida, to the United States District Court for the Middle District

of Florida, and as grounds for this removal states as follows:

### I. Statement of the Case

1. On December 22, 2021, Plaintiff Audra Lawson, filed a Complaint

against Defendant in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas

County, Florida, styled *Audra Lawson v. Smile Design Dentistry St. Pete LLC,*

*Christina Oliveros, Allison Taylor and Angel Blackman, Case No.: 2021-005978-CI* (the "State Court Action").

2.      Defendant, Smile Design Dentistry St. Pete LLC, was served with the Summons and Complaint in the State Court Action on January 14, 2022. Copies of the Summons, Complaint, and Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint are attached as Composite Exhibit A-1 to A-3 to this Notice.

3.      In the Complaint, Plaintiff asserts ten (10) counts against Defendant, including: (1) Race Discrimination in Violation of 42 U.S.C. § 1981; (2) Retaliation in Violation of 42 U.S.C. § 1981; (3) Race Discrimination in Violation of the FCRA; (4) National Origin in Violation of the FCRA; (5) Retaliation in Violation of the FCRA; (6) Hostile Work Environment in Violation of the FCRA; (7) Race Discrimination in Violation of 42 U.S.C. § 2000e; (8) National Origin Discrimination in Violation of 42 U.S.C. § 2000e; (9) Retaliation in Violation of 42 U.S.C. § 2000e; and (10) Hostile Work Environment in Violation of 42 U.S.C. § 2000e.

4.      Plaintiff's federal claims are predicated upon her contention that Defendant committed unlawful employment practices, specifically alleging that Defendant discriminated against her based upon her race and national origin. Additionally, Plaintiff alleges she was retaliated against and was subjected to a

2

hostile work environment. Plaintiff demands relief for actual damages, compensatory damages, punitive damages, and injunctive relief.

5. Plaintiff's state claims are also predicated upon her contention that Defendant committed unlawful employment practices, specifically alleging that Defendant discriminated against her based upon her race and national origin in violation of the Florida Civil Rights Act ("FCRA"), and retaliation and hostile work environment in violation the FCRA.

6. This Court may exercise removal jurisdiction over this dispute. Removal to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441, is proper because this Court has original jurisdiction based upon the federal claims set forth in the Complaint against Defendant for the alleged violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e.

7. In addition to having original jurisdiction over Plaintiff's federal claims, this Court also has supplementary jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims in this action within such original jurisdiction that they form part of the same case and controversy arising out of the same common nucleus of operative facts.

## II.   Federal Question Jurisdiction under 28 U.S.C. § 1331

8.   This Court has original federal question jurisdiction over this matter under 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441(a).

9.   This action is removable to this Court because federal jurisdiction under 28 U.S.C. § 1331 exists over Plaintiff's claims for alleged violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e.

10.   Plaintiff seeks actual and compensatory damages suffered as a result of the alleged violation of the 42 U.S.C. § 1981 and 42 U.S.C. § 2000e.

11.   Plaintiff alleges that on or about December 2019, she was discriminated against when Defendant's former employee allegedly called Plaintiff a racist term and was thereafter subjected to a hostile work environment.

12.   As a result, Plaintiff alleges she was retaliated against for reporting the alleged discriminatory conduct when Defendant terminated Plaintiff.

13.   The relief sought by Plaintiff includes an award of "actual damages" as a result of Defendant's alleged discriminatory actions, "punitive damages" due to Defendant's alleged willful behavior, compensatory damages, injunctive relief, and attorney's fees pursuant to 42 U.S.C. Section 1988, the Civil Rights Attorneys Fee Reward Act.

4

**III.    Supplementary Jurisdiction under 28 U.S.C. § 1367**

14.    Pursuant to 28 U.S.C. § 1367, this Court has supplementary jurisdiction over Plaintiff's state claims because the state claims are so related to the federal claims in this action within such original jurisdiction that they form part of the same case and controversy arising out of the same common nucleus of operative facts.

15.    Plaintiff adopts the same general allegations in the state claims as adopted in her federal claims, specifically her state claims are also based on her contention that on or about December 2019, she was discriminated against when Defendant's former employee allegedly called Plaintiff a racist term and was thereafter subjected to a hostile work environment. As a result, Plaintiff alleges she was retaliated against for reporting the alleged discriminatory conduct when Defendant terminated Plaintiff. Each state and federal claim are thus based upon the same common nucleus of operative facts, that is, that Plaintiff was injured based on Defendant' alleged discriminatory conduct, hostile work environment, and retaliatory conduct, giving this court supplementary jurisdiction to the state claims in this matter.

16.    The relief sought by Plaintiff includes an award of compensatory damages for alleged mental anguish, personal suffering, and loss of enjoyment of life.

5

## IV.   **All Procedure Requirements for Removal have been Satisfied**

17.   In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of the Summons and Complaint.

18.   Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because the United States District Court for the Middle District of Florida, Tampa Division, is the federal judicial district embracing the place where the State Court Action is pending.

19.   As required by 28 U.S.C. § 1446(a), attached as Composite Exhibit A-1 to A-3 to this Notice are copies of all process, pleadings, and orders served upon Defendant in the State Court Action.

20.   To effectuate the removal of this case, Defendant has properly provided notice to all adverse parties and filed a copy of the Notice of Removal in the State Court Action as required by 28 U.S.C. § 1446(d).

21.   Defendants Christina Oliveros, Allison Taylor and Angel Blackman have not yet been served in the state court action.

22.   This Notice of Removal is signed pursuant to Fed. R. Civ. R. 11 as required by 28 U.S.C. § 1446(a).

23.   Defendant submits this Notice of Removal solely for the purpose of establishing federal subject matter jurisdiction, and denies any liability or basis for relief as alleged in the Complaint. This Notice of Removal is filed by Defendant

without waiving any defenses or making any admission to Plaintiff's allegations, individually or on behalf of other individual defendants.

## V. **Prayer for Relief**

WHEREFORE, Defendant, Smile Design Dentistry St. Pete LLC, respectfully requests: (i) the civil action captioned *Audra Lawson v. Smile Design Dentistry St. Pete LLC, Christina Oliveros, Allison Taylor and Angel Blackman, Case No.: 2021-005978-CI* pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, be removed to the United States District Court for the Middle District of Florida, with a full reservation of all defenses; (ii) this Court properly exercise removal jurisdiction over this case; and (iii) that no further proceedings shall occur in the State Court Action.

DATED this 10th day of February, 2022.

KELLEY KRONENBERG
Angelo Filippi, Esq.
*Counsel for Defendant Smile Design
Dentistry St. Pete LLC*
10360 West State Road 84
Fort Lauderdale, Florida 33324
Tel: (954) 370-9970
Fax: (954) 333-3763

By: */s/ Angelo M. Filippi*
Angelo M. Filippi, Esq.
Florida Bar No. 0880851
*afilippi@kelleykronenberg.com*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was filed through the Court's CM/ECF system and served by electronic mail this 10th day of February, 2022, on *Counsel for Plaintiff,* Jason Tenenbaum, Esq., The Tenenbaum Law Group, PLLC, 1600 Ponce De Leon Blvd., 10th Floor, Coral Gables, FL 33134, E-Service: efiling@tenenbaumlawgroup.com; jason@tenenbaumlawgroup.com.

By: /s/ Angelo M. Filippi
Angelo M. Filippi, Esq.
Florida Bar No. 0880851
afilippi@kelleykronenberg.com

**EXHIBIT A-1**

Filing # 140849864 E-Filed 12/22/2021 02:44:09 PM

IN THE CIRCUIT COURT OF THE 6TH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

AUDRA LAWSON,

           Plaintiff                      CASE NO.: 21-005978-CI

vs.

SMILE DESIGN DENTISTRY ST. PETE LLC.,
CHRISTINA OLIVEROS,
ALLISON TAYLOR,
ANGEL BLACKMAN,

           Defendant

_____/

## SUMMONS THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant CHRISTINA OLIVEROS, C/O Registered Agent PATEL SACHIN, 601 S. HARBOUR ISLAND BLVD, SUITE 213 TAMPA, FL 33602.

Each defendant is required to serve written defenses to the complaint on Jason Tenenbaum, plaintiff's attorney, whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on..... **12/28/2021 10:17:05 AM**

(SEAL) (Name of Clerk) As Clerk of the Court By *Heilinda Lockhart*



As Deputy Clerk
**KEN BURKE, CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165**

**IMPORTANT** A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of

***ELECTRONICALLY FILED 12/23/2021 09:06:50 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE** Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT** Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne February 23, 2016 Florida Rules of Civil Procedure Work Product of The Florida Bar Page 206 deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney, Jason Tenenbaum, Esq., whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134.

Filing # 140849864 E-Filed 12/23/2021 09:06:51 AM

IN THE CIRCUIT COURT OF THE 6TH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

AUDRA LAWSON,

        Plaintiff                  CASE NO.: 21-005978-CI

vs.

SMILE DESIGN DENTISTRY ST. PETE LLC.,
CHRISTINA OLIVEROS,
ALLISON TAYLOR,
ANGEL BLACKMAN,

        Defendant

_____/

## SUMMONS THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant ANGEL BLACKMAN, C/O Registered Agent PATEL SACHIN, 601 S. HARBOUR ISLAND BLVD, SUITE 213 TAMPA, FL 33602.

Each defendant is required to serve written defenses to the complaint on Jason Tenenbaum, plaintiff's attorney, whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 12/28/2021 10:19:51 AM

(SEAL) (Name of Clerk) As Clerk of the Court By _Heilinde Lockhart_

As Deputy Clerk

**KEN BURKE, CLERK CIRCUIT COURT**
**315 Court Street**
**Clearwater, Pinellas County, FL 33756-5165**

**IMPORTANT** A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of

***ELECTRONICALLY FILED 12/23/2021 09:06:50 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE** Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT** Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne February 23, 2016 Florida Rules of Civil Procedure Work Product of The Florida Bar Page 206 deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney, Jason Tenenbaum, Esq., whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134.

Filing # 140849864 E-Filed 12/23/2021 09:06:51 AM

IN THE CIRCUIT COURT OF THE 6TH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

AUDRA LAWSON,

          Plaintiff                  CASE NO.: 21-005978-CI

vs.

SMILE DESIGN DENTISTRY ST. PETE LLC.,
CHRISTINA OLIVEROS,
ALLISON TAYLOR,
ANGEL BLACKMAN,

          Defendant

_____/

## SUMMONS THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant ALLISON TAYLOR, C/O Registered Agent PATEL SACHIN, 601 S. HARBOUR ISLAND BLVD, SUITE 213 TAMPA, FL 33602.

Each defendant is required to serve written defenses to the complaint on Jason Tenenbaum, plaintiff's attorney, whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 12/28/2021 10:21:42 AM

(SEAL) (Name of Clerk) As Clerk of the Court By _Herlinda Rockhart_



As Deputy Clerk
**KEN BURKE, CLERK CIRCUIT COURT**
**315 Court Street**
**Clearwater, Pinellas County, FL 33756-5165**

**IMPORTANT** A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of

***ELECTRONICALLY FILED 12/23/2021 09:06:50 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE** Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT** Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne February 23, 2016 Florida Rules of Civil Procedure Work Product of The Florida Bar Page 206 deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney, Jason Tenenbaum, Esq., whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134.

Filing # 140849864 E-Filed 12/23/2021 09:06:51 AM

IN THE CIRCUIT COURT OF THE 6TH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

AUDRA LAWSON,

           Plaintiff                    CASE NO.:21-005978-CI

vs.

SMILE DESIGN DENTISTRY ST. PETE LLC.,
CHRISTINA OLIVEROS,
ALLISON TAYLOR,
ANGEL BLACKMAN,

           Defendant

_____ /

## SUMMONS THE STATE OF FLORIDA:

To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant SMILE DESIGN DENTISTRY ST. PETE LLC., C/O Registered Agent PATEL SACHIN, 601 S. HARBOUR ISLAND BLVD, SUITE 213 TAMPA, FL 33602.

Each defendant is required to serve written defenses to the complaint on Jason Tenenbaum, plaintiff's attorney, whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on.....12/28/2021 10:23:37 AM

(SEAL) (Name of Clerk) As Clerk of the Court By _Heilride Rockloant_



As Deputy Clerk
KEN BURKE, CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

**IMPORTANT** A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of

***ELECTRONICALLY FILED 12/23/2021 09:06:50 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE** Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT** Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne February 23, 2016 Florida Rules of Civil Procedure Work Product of The Florida Bar Page 206 deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney, Jason Tenenbaum, Esq., whose address is 1600 Ponce De Leon Boulevard, 10th Floor, Coral Gables, FL 33134.

**RETURN OF SERVICE**

Filing # 142977828 E-Filed 01/31/2022 03:06:47 PM

| State of Florida | County of Pinellas | Circuit Court |
|---|---|---|

Case Number: 21-005978-CI

Plaintiff:
**AUDRA LAWSON**

vs.

Defendant(s):
**SMILE DESIGN DENTISTRY ST. PETE LLC.,**
**CHRISTINA OLIVEROS, ALLISON TAYLOR AND ANGEL BLACKMAN,**

For:
Jason Tenenbaum, Esquire
1600 Ponce De Leon Boulevard
10th Floor
Miami, FL 33134

Received by U GOT SERVED, LLC on the 13th day of January, 2022 at 5:29 pm to be served on **SMILE DESIGN DENTISTRY ST.PETE LLC BY SERVING REGISTERED AGENT PATEL SACHIN, 2515 COUNTRYSIDE BLVD, CLEARWATER, FL 33763**.

I, Mark Maraventano, do hereby affirm that on the **14th day of January, 2022 at 1:25 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS THE STATE OF FLORIDA AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **CRYSTAL STAPLETON** as RECEPTIONIST for **SMILE DESIGN DENTISTRY ST.PETE LLC**, at the address of: **3863 CENTRAL AVENUE, ST. PETERBURG, FL 33713**. and informed said person of the contents therein, in compliance with state statutes.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. Pursuant to F. S. 92.525, under penalties of perjury, I declare that I have read the forgoing document and that the facts stated are true.

**1137850  -A**

**SPECIAL PROCESS SERVICE**

**Pinellas County, Florida**
**Bob Gualtieri, Sheriff**

**Mark Maraventano**
Process Server # APS 09976

**U GOT SERVED, LLC**
**1279 W. PALMETTO PARK ROAD**
**#273938**
**BOCA RATON, FL 33427**
**(561) 361-7111**

Our Job Serial Number: AOA-2022000017
Ref: Jason Tenenbaum, Esquire

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1z



***ELECTRONICALLY FILED 01/31/2022 03:06:47 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

# EXHIBIT A-2

Filing # 140812324 E-Filed 12/22/2021 09:27:20 AM

IN THE CIRCUIT COURT OF THE
6TH JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

AUDRA LAWSON,                                    Case No.

      Plaintiff,

vs.

SMILE DESIGN DENTISTRY ST. PETE LLC,
CHRISTINA OLIVEROS,
ALLISON TAYLOR,
ANGEL BLACKMAN,

      Defendant.

_____/

## COMPLAINT

Plaintiff AUDRA LAWSON, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues defendant SMILE DESIGN DENTISTRY ST. PETE LLC ("SDD"), a Florida Limited Liability Company, CHRISTINA OLIVERAS ("Christina"), ALLISON TAYLOR ("Allison"), ANGEL BLACKMAN ("Angel") (hereinafter "Defendant"), and says:

## JURISDICTION AND VENUE

1.  This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Florida Civil Rights Act of 1992, Florida Statutes, § 760, et seq. ("FCRA"); and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race and national origin as well as

***ELECTRONICALLY FILED 12/22/2021 09:27:19 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

retaliation based on that discrimination, and The Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2.　　This Court has jurisdiction of the claims herein pursuant to the FCRA and concurrent jurisdiction with United States District Courts to adjudicate federal claims.

3.　　The claims asserted in this Complaint arose in Pinellas County, Florida during the course of Plaintiff's employment with Defendant.

4.　　Venue is proper in this Court since Plaintiff was employed by Defendant in Pinellas, Florida.

## PARTIES

5.　　Plaintiff at all times pertinent to this complaint resided within St. Petersburg, Florida.

6.　　Plaintiff is over the age of eighteen.  Plaintiff was African American and/or a member of a protected class.

7.　　At all relevant times, Plaintiff was African American and/or a member of a protected class. She is therefore a member of a class protected under Title VII, the FRCA and § 1981, because the terms, conditions, and privileges of her employment were altered because of her national origin and/or race.

8.　　Defendant was a "person" and/or an "employer" pursuant to Title VII and the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

9.　　Defendant Christina is a "person" within the purview of the FCRA.

10.　　Defendant Allison is a "person" within the purview of the FCRA.

11.　　Defendant Angel is a "person" within the purview of the FCRA.

12.    At all times material hereto Defendant SDD was an "employer" within the meaning of the FCRA.

13.    At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

14.    Plaintiff is an African American female individual and is a member of a class of persons protected from discrimination in her employment under Title VII, the FRCA, and § 1981

15.    Defendant SDD is a Florida Limited Liability Company organized and existing in Florida with its principal place of business in Pinellas, Florida.

16.    Defendant Christina is an office manager at SDD and had the power to hire, fire and make employment determinations.

17.    Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA.

18.    Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission.

19.    That under a work sharing agreement between the EEOC and the FCHR, a charge with the EEOC is considered dual filed with the FCHR.  Similarly, a charge filed with the FCHR or a local agency within the State of Florida is considered dual filed with the EEOC.

20.    Plaintiff's Charge was filed on or about April 1st, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under Federal Law.

21. Plaintiff's Charge was filed on or about April 1st, 2021. The actions complained of herein occurred within 365 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under State Law.

22. Plaintiff was constructively terminated and actually terminated from her position on January 4th, 2021. Her Charge was therefore timely filed.

23. Plaintiff was issued a Notice of Right to Sue letter on November 15th, 2021.

24. A Notice of Right to Sue satisfies conditions precedent under both Federal law and State law.

25. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation under Federal Law and the one-year time-period under State Law. *See Woodham v. Blue Cross & Blue Shield of Fla.*, 829 So. 2d 891 (Fla. 2002)

26. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS AND FACTS

27. Plaintiff, an individual who was African American and was hired by Defendant on or about December 2019 to be an Assistant Office Manager.

28. On or about December 2019, Plaintiff began her employment with SDD as an Assistant Office Manager earning the sum of $19.50 per hour.

29. Plaintiff worked under the supervision of the Office Manager named Christina Oliveros at the time and worked 7 days a week from 11:00 a.m. to 10:00 p.m.

30. On or about December 29, 2019, Christina Oliveros called Plaintiff a "nigger" which prompted the Plaintiff to report this incident to the Regional Manager at SDD named Allison Taylor.

31. Plaintiff's complaints of Christina Oliveros' racial epithets were ignored by Allison Taylor and not taken seriously which led to Christina Oliveros' continued use of racial epithets against the Plaintiff since Christina Oliveros' behavior was never rectified nor taken seriously and Plaintiff was told that she was required to respect Christina.

32. Due to Allison Taylor's failure to address or rectify Christina Oliveros' behavior, the Plaintiff requested to be transferred to a different office on 5 separate occasions to avoid Christina Oliveros'.

33. The situation was eventually escalated above Allison Taylor's level due to her failure to act.

34. On or about September 2020, Plaintiff was transferred to SDD's Clearwater location.

35. Once transferred to SDD's Clearwater location, Plaintiff began working with Dr. Gualti and worked well with said doctor until November 13, 2020 when Dr. Gualti communicated to a colleague that Plaintiff had an argument with Dr. Gulati and was otherwise rude to Dr. Gulati. This was not true because Plaintiff was never rude to Dr. Gulati and never had a heated argument with same.

36. The above-mentioned events were "reported" and/or fabricated to Allison Taylor in order to cause Plaintiff's termination.

37. Therefore, on or about January 4, 2021, Plaintiff was terminated by the Regional Vice President named Angel Blackman.

38. The alleged premise regarding Plaintiff's termination is that there was a heated conversation between the Plaintiff and Dr. Gualti on November 13, 2020. Plaintiff advised that

these statements were false considering Dr. Gualti ceased all contact with Plaintiff during the month of November 2020 which happened before this alleged heated conversation.

39.    In reality, the termination was based upon the false statements that Allison Taylor made about Plaintiff to Angel Blackman., in order to retaliate and/or otherwise clear a vendetta that Ms. Taylor had towards Plaintiff.

40.    Plaintiff requested that Defendant present proof that supported Allison Taylor's narrative. Defendant failed to provide evidence to Plaintiff and advised Plaintiff that the termination was justified for other undisclosed reasons.

41.    This termination was improper in all regards.

42.    Plaintiff's national origin, race, and/or her complaints of discrimination, were the motivating factor in Defendant's decision for the termination of Plaintiff.

43.    Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### Race Discrimination in Violation of 42 USC 1981 (Against all Defendants)

44.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-43 of this complaint as if set out in full herein.

45.    Plaintiff is a member of a protected class under § 1981.

46.    By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

47.    Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

48.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law

49.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

50.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

51.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

52.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

53.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

54.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

55.    So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff requests that this court enter judgment against Defendant for:

A.    Actual damages as a result of Defendant's discriminatory actions;

B.    Punitive damages due to Defendant's willful behavior;

C.    Compensatory damages;

D.    Injunctive relief where feasible;

E.    Attorney's fees;

F.    Costs of this action; and

G.    Any other relief this Court deems proper.

## COUNT II
### Retaliation in Violation of 42 USC 1981 (Against all Defendants)

56.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-55 of this complaint as if set out in full herein.

57.    Plaintiff is a member of a protected class under § 1981.

58.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981

59.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law

60.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

62.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63.     . Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief

64.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.     Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.     Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### Race Discrimination in Violation of the FCRA (Against Smile Design Dentistry St. Pete LLC)

65.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-64 above as if set out in full herein

66.   .Plaintiff is a member of a protected class under the FCRA.

67.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity

68.   Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Native America/African American.

69.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

70. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

71. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

72. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

73. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

74. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

75. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.      Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.      Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.      Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.      Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT IV</u>

### National Origin Discrimination in Violation of the FCRA (Against Smile Design Dentistry St. Pete LLC)

76.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-75 of this complaint as if set out in full herein.

77.     At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues § 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

78.     The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

79.     The Plaintiff is of African American national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

80.     The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-African American employees were allowed better work opportunities by not being subjected to racial epithets and receiving better benefits from Defendant.

81.     The Plaintiff was terminated as a result of her national origin and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

82.     As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

83.     Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

84.     Plaintiff was qualified for her position with Defendant.

85.     Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

86.     Defendant retaliated against Plaintiff after complaints of national origin discrimination and failed to address complaints of discrimination.

87. The Defendant's actions were malicious and were of reckless indifference to the Plaintiff's rights pursuant to Florida Statute § 760, protecting a person from discrimination because of race and national origin.

88. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
**Retaliation in Violation of the FCRA (Against Smile Design Dentistry St. Pete LLC)**

89.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-88 of this complaint as if set out in full herein.

90.    Plaintiff is a member of a protected class under the FCRA.

91.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

92.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

93.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

94.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

95.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

91.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.  Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI

**Hostile Work Environment in Violation of the FCRA (Against Smile Design Dentistry St. Pete LLC)**

96.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-92 of this complaint as if set out in full herein.

97.  Plaintiff is a member of a protected class under the FCRA.

98.  As part of its protections, the FCRA protects the rights of employees to work in a safe workplace free from harassment or abuse.

99.    The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

100.    The harassing conduct Plaintiff was subjected to was perpetrated against her as a result of being Black and African American.

101.    Plaintiff was the victim of harassment when Defendant's agents failed to provide a safe environment by failing to discipline racist co-workers and arbitrarily discipling the Plaintiff – despite no factual background to support a claim.

102.    The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

103.    Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

104.    As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A.    Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.      Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.      Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.      Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNTY VII

**Race Discrimination in Violation of 42 U.S.C § 2000e (Against Smile Design Dentistry St. Pete LLC)**

105.    Plaintiff pursuant to Title VII, 42 U.S.C. § 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-104 of this initial complaint and states:

106.    At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. § 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect their status as an employee, because of such individual's race, color, religion, sex, or national origin."

107.    The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

108.    Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race –African American.

109.    At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was African American.

110.    At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

111.    The Plaintiff was qualified for the position apart from her apparent race.

112.    The Plaintiff was discriminated against by her supervisor because she was African American.

113.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

114.    The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

115.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

116.    Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was African American, in violation of the Act.

117. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

118. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

119. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

**WHEREFORE** Plaintiff respectfully prays for the following relief against Defendant:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assignors, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

G. Attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VIII

**National Origin Discrimination in Violation of 42 U.S.C. § (Against Smile Design Dentistry St. Pete LLC)**

120.    Plaintiff pursuant to Title VII, 42 U.S.C. § 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-119 of this initial complaint and states:

121.    At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. § 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin."

122.    The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's national origin.

123.    Defendant's decision to discriminate against Plaintiff was because of Plaintiff's national origin – African American.

124.    At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was African American.

125.    At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

126.    The Plaintiff was qualified for the position apart from her apparent national origin.

127.    The Plaintiff was discriminated against by her supervisor because she was African American.

128.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

129.   The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

130.   Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

131.   Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was African American, in violation of the Act.

132.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering

133.   Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

134.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of national origin constitutes unlawful discrimination

**WHEREFORE** Plaintiff respectfully prays for the following relief against Defendant:

A.   Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.      Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C.      Reinstate full fringe benefits and seniority rights to Plaintiff.

D.      Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her national origin.

E.      For a money judgment representing prejudgment interest.

F.      Award any other compensation allowed by law including punitive damages,

G.      Attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT IX

**Retaliation in Violation of 42 U.S.C. § 2000e (Against Smile Design Dentistry St. Pete LLC)**

135.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-134 of this complaint as if set out in full herein.

136.    Plaintiff is a member of a protected class under Title VII.

137.    By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

138.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

139.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

140.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

141.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

142.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X

**Hostile Work Environment in Violation of 42 U.S.C. § 2000e (Against Smile Design Dentistry St. Pete LLC)**

143.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-142 of this complaint as if set out in full herein.

144.   Plaintiff is a member of a protected class under Title VII.

145.   As part of its protections, Title VII protects the rights of employees to work in a safe workplace free from harassment or abuse.

146.   The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the Title VII.

147.   The harassing conduct Plaintiff was subjected to was perpetrated against her as a result of being Black and African American.

148.   Plaintiff was the victim of harassment when Defendant's agents failed to provide a safe environment by failing to discipline racist co-workers and arbitrarily disciplining the Plaintiff – despite no factual background to support a claim. Plaintiff was also the victim of

harassment due to Defendant's agents failing to give Plaintiff an equal share of "premium" shifts and sections at Defendant's restaurant.

149. The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

150. Defendant's alleged bases for the adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

151. As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fee; and

F.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: Coral Gables, FL
        December 22, 2021

*Jason Tenenbaum, Esq.*
Florida Bar No.: 0670200
Attorney for Plaintiff
The Tenenbaum Law Group, PLLC,
1600 Ponce De Leon Boulevard, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 402-9529
Primary: efiling@tenenbaumlawgroup.com
Jason@tenenbaumlawgroup.com
Matter# 8850-0042

**EXHIBIT A-3**

Filing # 143269743 E-Filed 02/03/2022 05:08:17 PM

IN THE CIRCUIT COURT OF THE
6TH JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

CASE NO:   21-005978-CI

AUDRA LAWSON,

      Plaintiff,

v.

SMILE DESIGN DENTISTRY ST. PETE LLC,
CHRISTINA OLIVEROS, ALLISON TAYLOR and
ANGEL BLACKMAN,

      Defendants,

                                        /

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, SMILE DESIGN DENTISTRY ST. PETE LLC, by and through its undersigned counsel, hereby files this Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint (Filing #140812324 E-Filed 12/22/21), and in support state as follows:

1.     On or about January 14, 2022, Plaintiff served its Summons and Complaint on the Defendant, Smile Design Dentistry St. Pete LLC (hereinafter "SDD").

2.     Counsel for the Defendant, SDD, has not yet had the opportunity to fully review the entire file in order to properly respond to Plaintiff's Complaint. As such, Defendant's Counsel is not in a position to file a response to the Complaint at this time, and would request an extension of time until February 23, 2022 to respond to same.

3.     There is no prejudice to any party by the granting of this enlargement of time.

4.     Counsel for the Defendant has contacted Plaintiff's counsel regarding this motion via telephone conference and electronic mail in an effort to reach an agreement to the extension; and Plaintiff's counsel has agreed to same.

1

***ELECTRONICALLY FILED 02/03/2022 05:08:17 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

5.     This is Defendant's first Motion for Extension of time to respond to Plaintiff's Complaint, and is made in good faith, in an abundance of caution, and is no intended to delay action in this matter.

WHEREFORE the Defendant, SMILE DESIGN DENTISTRY ST. PETE LLC, respectfully requests that the Honorable Court enter an Order granting this Unopposed Motion for Extension of Time until February 23, 2022, for the Defendant to respond to Plaintiff's Complaint, and for any further relief this Court deems just and proper under the circumstances.

DATED this 3rd day of February, 2022.

KELLEY KRONENBERG
*Counsel for Defendant Smile Design Dentistry St. Pete LLC*
10360 West State Road 84
Fort Lauderdale, Florida 33324
Tel: (954) 370-9970
Fax: (954) 333-3763

By: /s/ *Angelo M. Filippi*

Angelo M. Filippi, Esq.
Florida Bar No. 0880851
*afilippi@kelleykronenberg.com*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of February, 2022, this document was filed using the Florida Courts E-Filing Portal. This document is being served on all counsel and pro se parties of record by the Florida Courts E-Filing Portal, pursuant to and in compliance with Fla. R. Jud. Admin. 2.516. The mailing and electronic addresses are: Jason Tenenbaum, Esq., efiling@tenenbaumlawgroup.com and jason@tenenbaumlawgroup.com, The Tenenbaum Law Group, PLLC, 1600 Ponce De Leon Blvd., 10th Floor, Coral Gables, FL 33134, *Counsel for Plaintiff*, Christina Oliveros 601 S. Harbour Island Blvd., Suite 213, Tampa, FL 33602, Allison Taylor 601 S. Harbour Island Blvd., Suite 213, Tampa, FL 33602, and Angel Blackman 601 S. Harbour Island Blvd., Suite 213, Tampa, FL 33602.

By: /s/ *Angelo M. Filippi*
Angelo M. Filippi, Esq.

3