# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AUDRA LAWSON,

    Plaintiff,

v.                                         Case No: 8:22-cv-346-CEH-TGW

SMILE DESIGN DENTISTRY ST.
PETE, LLC, CHRISTINA OLIVEROS,
ALLISON TAYLOR and ANGEL
BLACKMAN,

    Defendants.
_____

## ORDER

This matter is before the Court *sua sponte*. In December 2021, Plaintiff, Audra Lawson, initiated this action in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County against Defendants, Smile Design Dentistry St. Pete LLC, Christina Oliveros, Allison Taylor, and Angel Blackman. Doc. 1-2. In her ten-count Complaint, Plaintiff sues Defendants under federal and state law alleging discrimination based on race and national origin, retaliation, and hostile work environment. *Id.* On February 10, 2022, Defendant Smile Design Dentistry St. Pete LLC removed the case to this Court.[1] Doc. 1. Because Plaintiff's Complaint is a shotgun pleading, it is due to be dismissed, and Plaintiff will be given the opportunity to amend.

---

[1] According to the notice of removal, Defendants Christina Oliveros, Allison Taylor, and Angel Blackman have not yet been served in the state court action. Doc. 1 ¶ 21.

## DISCUSSION

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. Additionally, a complaint is deficient as a shotgun pleading if it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil

dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a classic shotgun pleading. Each of Plaintiff's counts incorporates all preceding paragraphs, including prior counts, resulting in the final count constituting a culmination of the entire Complaint. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. Additionally, Counts I and II are purportedly against all Defendants, but the allegations of those counts fail to specify which acts or omissions are attributable to which Defendant and which claim is asserted against which Defendant. Therefore, the Court will dismiss the Complaint and grant Plaintiff leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff shall ensure that she avoids shotgun pleading pitfalls and complies with applicable pleading requirements, including Federal Rules of Civil Procedure 8 and 10. Accordingly, it is

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1-2) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order, which must correct the deficiencies discussed herein.

3. Failure to file an amended complaint within the time provided will result in the dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Tampa, Florida on February 10, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Unrepresented parties