UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUDRA LAWSON,

    Plaintiff,

v.   Case No: 8:22-cv-346-CEH-TGW

SMILE DESIGN DENTISTRY ST. PETE, LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Vacate Dismissal due to Excusable Neglect (Doc. 13), filed pursuant to Fed. R. Civ. P. 60 on March 16, 2022. On March 15, 2022, this action was dismissed without prejudice and closed because the Plaintiff failed to timely file an amended complaint as directed by the Court's Order of February 10, 2022. Doc. 12. In the instant motion, Plaintiff requests that the order of dismissal be vacated and Plaintiff be granted an extension of time to serve the individual Defendants. Defendant Smile Design Dentistry St. Pete LLC filed a response in opposition.[1] Doc. 14. The Court, having considered the motion

---

[1] Plaintiff filed a reply (Doc. 15), which the Court struck as unauthorized under the Local Rules. *See* M.D. Fla. Local Rule 3.01(d) ("Without leave, no party may file a reply directed to a response except a response to a motion for summary judgment."). Even considering the reply, the result does not change. Plaintiff argues that judicial economy is best served by allowing the "isolated mistake" to be forgiven. However, the proposed amended complaint is still a shotgun pleading that is subject to dismissal.

and being fully advised in the premises, will deny Plaintiff's Motion to Vacate Dismissal.

## DISCUSSION

Plaintiff, Audra Lawson, initiated this action against Defendants, Smile Design Dentistry St. Pete LLC ("Smile Design" or "Defendant"), Christina Oliveros, Allison Taylor, and Angel Blackman (collectively "Defendants"), in state court on December 22, 2021. Doc. 1-2. Defendant, Smile Design, removed the action to this Court on February 10, 2022, based on original federal question jurisdiction because the Complaint alleges violations of 42 U.S.C. 1981 and 42 U.S.C. § 2000e.[2] Doc. 1. After the case was removed, the Court entered an order dismissing the Complaint as a shotgun pleading. Doc. 7. Plaintiff was given twenty-one days to correct the deficiencies in her Complaint. *See id.* at 4. The Court cautioned that "[f]ailure to file an amended complaint within the time provided will result in the dismissal of this action without prejudice and without further notice." *Id.* The amended complaint was due to be filed by March 3, 2022. Plaintiff did not file an amended complaint by that date, nor did she request an extension of time to do so.

On March 11, 2022, Defendant Smile Design moved to dismiss the action due to Plaintiff's failure to comply with the Court's Order and failure to timely file her amended complaint.[3] Doc. 11.

---

[2] At the time of removal, the individual Defendants had not been served. Doc. 1 at 6.
[3] The Court notes that the filing of Defendant's motion on March 11, 2022, of which counsel would have received notice through CM/ECF, still did not prompt Plaintiff to file her

2

On March 15, 2022, the Court dismissed this action due to Plaintiff's failure to timely file her amended complaint, as directed by the Court's February 10, 2022, order. Doc. 12. The Eleventh Circuit has recognized that a district court may dismiss an action, *sua sponte,* under Rule 41(b) due to a plaintiff's failure to prosecute her case or obey a court order. *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005).

On March 16, 2022, Plaintiff filed the instant motion, pursuant to Fed. R. Civ. P. 60, requesting the Court vacate its order of dismissal for excusable neglect. In support, counsel submits that the failure to timely file the amended complaint was due to counsel's excusable neglect. Plaintiff attaches a proposed amended complaint to the motion to vacate.[4] Doc. 13-2. Rule 60(b)(1) provides that a court may relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect." *Id.*

Here, Plaintiff's counsel, Jason Tenenbaum, contends excusable neglect exists because the associate attorney handling the case did not forward the docket entry to him alerting him that the Court struck the complaint and an amended complaint needed to be filed. Doc. 13 at 1–2. In support, attorney Tenenbaum files his Declaration in which he explains that while he did receive the "ECF bounce," he would not have completed any paperwork or tasks until the associate attorneys and

---

amended complaint or seek an extension of time to do so. It was only after the Court dismissed the action on March 15 that Plaintiff filed her motion to vacate on March 16, 2022.
[4] Plaintiff has not sought leave to file her amended complaint out of time.

3

support staff give the tasks to him to do. Doc. 13-1 ¶ 6. Tenenbaum states that he was unaware the Court struck the pleading and that Plaintiff was required to amend the complaint because the associate attorney overlooked sending the order to his attention. *Id.* ¶ 5. According to Tenenbaum, this breakdown in the law office's procedure supports excusable neglect. The facts here do not support a finding of excusable neglect.

Counsel acknowledges he received the "ECF bounce." Tenenbaum is the only attorney of record for Plaintiff and his is the only email address listed on the docket. Thus, the "bounce" counsel is referring to would be the notification that the Court's case management/electronic filing system ("CM/ECF") sends when a document is filed on the docket. The CM/ECF notification for the Court's February 10, 2022 Order states as follows:

> ORDERED: Plaintiff's Complaint (Doc. 1-2) is DISMISSED without prejudice as a shotgun pleading. Plaintiff is granted leave to file an amended complaint within TWENTY-ONE (21) DAYS from the date of this Order, which must correct the deficiencies discussed herein. Failure to file an amended complaint within the time provided will result in the dismissal of this action without prejudice and without further notice. Signed by Judge Charlene Edwards Honeywell on 2/10/2022. (JDE) (Entered: 02/10/2022).

The Order is attached to the docket entry notification. Doc. 7. Thus, even if it is counsel's practice to not read an attached Order (a practice the Court does not condone) and instead wait for his office staff to give him tasks related to the Order, the CM/ECF notification explicitly alerted counsel to the fact that his client's complaint

4

had been dismissed and his client had twenty-one days in which to fix the deficiencies in her complaint. An attorney's mistake or negligent failure to file a document does not constitute excusable neglect under Rule 60(b)(1). *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation").[5]

As noted by Defendant in its response, Plaintiff has not sought leave to file her amended complaint out of time. But more importantly, the proposed amended complaint attached to the motion to vacate is still a shotgun pleading in which subsequent counts incorporate preceding counts. The Court previously explained the pitfalls of shotgun pleading in which a complaint that contains multiple counts "adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Doc. 7 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)). For example, in the proposed amended complaint, while the final count (Count X) does not include every single count of the amended complaint, it does include Counts I through VII and most of Count VIII. Count X, a hostile work environment claim, is against the corporate Defendant only, but because it incorporates Counts I and II, it includes allegations pertaining to the individual

---

[5] The Eleventh Circuit noted that some courts have found attorney error may come within the scope of Rule 60(b)(6) even if it does not constitute excusable neglect under 60(b)(1). *Solaroll*, 803 F.2d at 1133. In such cases, exceptional circumstances were found, counsel was grossly negligent, and the client was generally diligent despite counsel's lapses. *Id.*

Defendants. Count V, a retaliation claim against the corporate Defendant only, includes Counts I through III and some of the allegations in Count IV. Realleging and incorporating preceding counts into succeeding counts makes it impossible for the Court to determine which facts are relevant to each count and whether Plaintiff has stated a claim for relief. As a consequence, the allegations are confusing and repetitive, consisting of allegations that are not relevant to a cause of action. This results in a classic shotgun pleading in which the complaint fails to give the Defendants adequate notice of the claims against them. *See id.* at 1323. Additionally, the Court notes that the proposed amended complaint is incomplete, with missing dates and information. *See* Doc. 13-2 ¶¶ 30, 31, 34, 35, 44.[6] And there are two paragraphs numbered 91, one in Count IV and one in Count V.

In granting Plaintiff leave to amend, the Court directed Plaintiff to correct the pleading deficiencies in her complaint that were discussed in the Court's Order and file a corrected amended complaint within twenty-one days. Doc. 7 at 4. Plaintiff failed to timely file an amended complaint that is not a shotgun pleading, and to this date has not done so. Plaintiff fails to demonstrate that excusable neglect exists to support granting relief under Rule 60(b)(1), nor does Plaintiff offer argument or support that relief is warranted under Rule 60(b)(6). Accordingly, it is

**ORDERED**:

---

[6] The proposed amended complaint contains blanks for missing dates and information and parenthetical comments and questions to the drafter.

1. Plaintiff's Motion to Vacate Dismissal due to Excusable Neglect (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 11, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any